UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00182-GNS

CLEVE EASTERLING                                                                    PLAINTIFF

v.

WILLIAM J. JONES, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 7).  The matter is ripe for adjudication.  For the reasons discussed below, the motion is **GRANTED**.

## I.      STATEMENT OF FACTS

On June 9, 2018, Plaintiff Cleve Easterling ("Easterling") was driving his vehicle in Bowling Green, Kentucky, when he was struck by a semi-truck driven by Defendant William J. Jones ("Jones") for Defendant Old Dominion Freight Line, Inc. ("Old Dominion").  (Am. Compl. ¶¶ 11-12, 15-17, DN 7).  (Am. Compl. ¶¶ 15-17).  Easterling alleges Jones failed to keep a proper lookout, and otherwise failed to operate his truck in a lawful manner, including violating "certain rules and regulations codified in KRS § 189.290, KRS § 189.380, KRS § 189.390, 49 CFR 300, *et seq.* . . . ."  (Am. Compl. ¶¶ 15-17).

Easterling alleges Old Dominion had a duty to "act reasonably in hiring, training, and retaining Defendant Jones to operate the Semi Truck" and "promulgate and enforce rules and regulations to ensure its drivers, including Jones, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws."  (Am. Compl. ¶¶ 26-27).  Easterling alleges Old Dominion breached its duties because it "knew or should have known that Jones was unfit to operate the Semi Truck", "allowed Jones to operate the Semi Truck while

in violation of applicable state and federal regulations at codified in KRS § 189.290, KRS § 189.380, KRS § 189.390, and 49 CFR 300, et seq.,", "did not take appropriate action in training Jones", "did not take appropriate action in disciplining or re-training Jones when it knew or should have known Jones failed to comply with various rules and regulations", "did not remove Jones from duties after it knew or should have known Jones was unfit for the job", and "did not provide supervision of Jones when necessary or reasonable to do so to ensure safety and compliance with applicable rules."  (Am. Compl. ¶ 28).

Easterling sued Jones for negligence and negligence *per se* and Old Dominion for vicarious liability and negligent hiring, supervision, and retention, in Warren (Kentucky) Circuit Court. (Notice Removal Ex. 1, DN 1-2).  Defendants removed the case here on diversity and moved to dismiss.  (Notice Removal, DN 1; Defs.' Mot. Dismiss, DN 4).  Easterling then filed his First Amended Complaint within ten days.  (Am. Compl.).  Defendants moved partially to dismiss Easterling's First Amended Complaint.  (Defs.' Mot. Dismiss, DN 7).  Fully briefed on the matter, the Court grants in part and denies in part Defendants' motion.

## II.  <u>STANDARD OF REVIEW</u>

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "The court need not, however, accept unwarranted factual inferences." *Id.* (citation omitted). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

### III.     DISCUSSION

In their partial motion to dismiss, Defendants seek dismissal of Easterling's negligence *per se* and negligent hiring, supervision, and retention claims.

### A.     Negligence *per se*

Defendants argue Easterling neglects to allege a specific statutory violation under the Federal Motor Carrier Safety Regulations ("FMCSR"), instead merely citing "Title 49 of the Code of Federal Regulations, parts 300-399 and related parts", which themselves consists of several hundred subparts, many of which are irrelevant to his claims. (Defs.' Mot. Dismiss 4-5). Easterling claims there is no way of knowing what specific actions or omissions took place in violation of the FMCRS that contributed to the wreck, without discovery. (Pl.'s Resp. Defs.' Mot. Dismiss 4). Easterling maintains that as Jones and Old Dominion are subject to the FMCSR, which

is meant to protect other drivers on the road, it is plausible they violated a regulation when Jones injured Easterling.  (Pl.'s Resp. Defs.' Mot. Dismiss 4).

KRS 446.070 codifies the common-law claim of negligence *per se* in Kentucky. "[T]he statute applies when the alleged offender violates a statute and the plaintiff comes within the class of persons intended to be protected by the statute."  *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011) (citation omitted).  However, "Kentucky courts have held that the 'any statute' language in KRS 446.070 is limited to Kentucky statutes and does not extend to federal statutes and regulations . . . ."  *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. App. 2008) (citing *T & M Jewelry, Inc. v. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006); *Alderman v. Bradley*, 957 S.W.2d 264, 266-67 (Ky. App. 1997)); *see also Pace v. Medco Franklin RE, LLC*, No. 1:12-CV-00132, 2013 WL 3233469, at *2 (W.D. Ky. June 25, 2013).  "The Kentucky General Assembly did not intend for KRS 446.070 to embrace the whole of federal laws and the laws of other states and thereby confer a private civil remedy for such a vast array of violations."  *Hicks*, 189 S.W.3d at 530; *see also Infinity Energy, Inc. v. Henson*, No. 2016-CA-000518-MR, 2019 WL 2246607, at *7 (Ky. App. May 24, 2019) (dismissing a negligence *per se* claim based, in part, on the FMCSR). Similarly, in *Seemann v. Copeland*, No. 5:20-CV-00027-TBR, 2020 WL 6434852 (W.D. Ky. Nov. 2, 2020), this Court dismissed a similarly conclusory claim under the FMCSR, when the plaintiff argued "a plaintiff is not required to plead violations of specific regulations."  *Id.* at *1, *4-5. Accordingly, Easterling's negligence *per se* claim arising under the FMCSR fails as a matter of law and will be dismissed, albeit without prejudice.

B.     **Negligent Hiring, Supervision, and Retention**

Defendants argue Easterling merely recites the elements of his cause of action by alleging Old Dominion "knew or should have known Jones was unfit to operate the Semi Truck" but that

4

he fails to provide any factual content to support his conclusions.  (Defs.' Mot. Dismiss 6-7).  Defendants argue Easterling failed to allege any facts about Jones' background such that Old Dominion should have reasonably known not to hire or retain him.  (Defs.' Mot. Dismiss 7-9).  Defendants also contend Easterling fails to allege how Old Dominion knew Jones violated statutes or regulations prior to him operating the truck, or how Old Dominion failed to train, discipline, retrain, or remove Jones after it knew he was unfit.  (Defs.' Mot. Dismiss 7-10).  Easterling responds there is no way of knowing most of this information without discovery.  (Pl.'s Resp. Defs.' Mot. Dismiss 5-7, DN 9).  Easterling maintains that he satisfied the pleading requirements by alleging the facts of the accident, which shows how Jones was unfit, and that Old Dominion hired Jones, and further failed to take further remedial action when it knew or should have known he was unfit for his job.  (Pl.'s Resp. Defs.' Mot. Dismiss 6-8).

The Supreme Court of Kentucky has identified "the elements of negligent hiring and retention a[s]:  (1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Ten Broeck Dupont, Inc., v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009) (citation omitted).  "An employer may also be held liable for the negligent training or supervision of its employees—but 'only if he or she knew or had reason to know of the risk that the employment created.'" *Hensley v. Traxx Mgmt. Co.*, Nos. 2018-CA-000928-MR, 2018-CA-001213-MR, 2018-CA-001014-MR, 2020 WL 2297001, at *6 (Ky. App. May 8, 2020) (citation omitted).

In *Seemann*, this Court recently recognized the minimal pleading requirements for a negligent hiring, retaining, and supervision standard "[have] been litigated in this circuit [only] a limited number of times." *Seemann*, 2020 WL 6434852, at *4.  In that case, the plaintiff alleged

the facts of his wreck and that the defendant was "negligent in hiring, training, entrusting, supervising, retaining, and/or contracting with [the defendant] in his operation of a commercial motor vehicle . . . ." *Id.* at *1. The court meticulously addressed the same arguments and caselaw cited by the parties here and granted the defendants' motion to dismiss because the plaintiff only "lists certain duties [the defendant] had and then summarily states [the defendant] was negligent. [But] [t]here are no factual allegations to support this claim." *Id.* at *4.

Other courts in this circuit have illustrated, specifically, what minimal factual allegations are necessary for the plaintiff adequately to plead an "employer knew or had reason to know of the risk created by the employee", beyond an assertion of the defendant's negligence. *Warner v. Bob Evans Farms, Inc.*, No. 5:09-CV-63-KKC, 2010 WL 1451354, at *3 (E.D. Ky. Apr. 8, 2010) ("[While] [the plaintiff] asserts that [the defendant] knew or reasonably should have known that its employees were likely to cause tortious and other injuries to persons including [the plaintiff,] . . . he has failed to make any allegations regarding how [the defendant] was negligent in hiring any of its employees. For example, [the plaintiff] has made no allegations that [the defendant] knew or should have known at the time the employees were hired that they were unfit for duty."); *Stanley v. Our Lady of Bellefonte Hosp., Inc.*, No. 11-110-DLB, 2012 WL 4329265, at *8-9 (E.D. Ky. Sept. 20, 2012) ("Here, [the plaintiff] has not alleged that the [the defendants] knew or should have known at the time they hired [the employees] that those Defendants were unfit for their duties." (citation omitted)); *Hampton v. Bob Evans Transp. Co.*, No. 6:18-143-DCR, 2018 WL 3213609, at *2-3 (E.D. Ky. June 29, 2018) ("The plaintiff has alleged, in conclusory terms, that [the defendant's] negligent training, hiring, and/or supervision of [the employee] was the proximate cause of the plaintiff's injuries. But the plaintiff has not alleged that [the defendants] knew or should have known that [the employee] would act as he did. For example, there is no

allegation that [the defendant] hired and retained [the employee] despite its knowledge that he was unfit for the job . . . ."  (citation omitted)).

Easterling has not met this minimal requirement.  The allegations do not contain sufficient factual content to support these claims.  To the extent Easterling discovers facts to support any of these claims, he can seek leave to amend the Complaint accordingly.  For now, however, Defendants' motion to dismiss these claims is granted.

## IV.  <u>CONCLUSION</u>

For the reasons discussed above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 7) is **GRANTED**, and Plaintiff's claims for negligence per se, negligent hiring, negligent supervision, and negligent retention are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

April 30, 2021

cc:      counsel of record

7