UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| CLEVE EASTERLING | ) | |
| | ) | Civil Action No. 1:20-cv-182-GNS-HBB |
| Plaintiff | ) | **ELECTRONICALLY FILED** |
| v. | ) | |
| | ) | |
| | ) | |
| WILLIAM J. JONES and | ) | |
| OLD DOMINION FREIGHT LINE, INC. | ) | *Removed from:* |
| | ) | Warren Circuit Court |
| Defendants | ) | Case No. 20-CI-01117 |

# REPORT OF FED.R.CIV.P.26(F) PLANNING MEETING

Comes the Plaintiff, Cleve Easterling, by counsel, and the Defendants, William J. Jones and Old Dominion Freight Line, Inc., by counsel, and respectfully submit their Fed. R. Civ. P. 26(f) Report.

1. Pursuant to D.N. 16 and Fed. R. Civ. P. 26(f), a meeting was held by teleconference on May 11, 2021.

2. **Fed. R. Civ. P. 26(a)(1) Disclosures**.  The parties do not anticipate any changes in form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).  The Parties agree that Fed. R. Civ. P. 26(a)(1) Initial Disclosures will be exchanged on or before **June 4, 2021**.

3. **Discovery Subjects**.  The parties anticipate discovery focusing on the following subjects: Claims of the Plaintiff, Defenses of the Defendants, Damages and possibly Expert Testimony.

4. **Electronically Stored Information.**  The Parties do not presently anticipate any disputes or issues arising from or relating to the disclosure or discovery of information stored electronically or on computer-based media.  Disclosure of electronically stored information will

be handled in accordance with the Fed. R. Civ. Pro. Categories of electronically stored information sought will be produced in the form of CDs, email attachments, or other appropriate media. To the extent any party asserts during discovery that it is necessary for electronically stored information to be produced in some other format, the Parties agree to mutually work toward a reasonable resolution of any such request. If the Parties are unable to agree and/or disputes arise regarding electronically stored information, the Parties will submit them to the Court.  The Parties are aware of their respective obligations to preserve electronically stored information.

5. **Parties' agreement as to claims of privilege or protection as trial preparation materials asserted after production.**  The Parties do not foresee that any Order will be necessary regarding claims of privilege/protection as to trial preparation materials asserted after production. Pursuant to 28 U.S.C. § 636(b)(1)(A), all discovery disputes will be referred to the United States Magistrate Judge for resolution.  Discovery disputes shall be resolved in the following manner: (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) If the Parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreements by telephone conference with the Magistrate Judge; (3) If, and only if, the Parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court.  Any written motion regarding discovery shall include the certification required by Rule 37(a)(2)(A), if applicable.

6. **Completion of Discovery.**  The parties agreed that discovery, except as provided in sub-paragraphs (a) below, should be completed on or before **November 1, 2021**.  This includes depositions, interrogatories, requests for production of documents, and requests for admissions.

(a) **Expert Witness Disclosure.**  The parties have agreed that Plaintiff shall disclose its expert(s) information, in accordance with Fed. R. Civ. P. 26, on or before **March 15,**

**2022**. Defendant's expert reports shall be disclosed, in accordance with Fed. R. Civ. P. 26, on or before **May 16, 2022.** All expert witness depositions must be completed on or before **July 15, 2022**.

7. **Limitations Imposed by the Fed. R. Civ. Pro.** The parties do not presently anticipate any limitations on discovery or any changes in the discovery limitations imposed by the Fed. R. Civ. Pro. or the Local Rules of this Court

8. **Trial Date**. The parties anticipate this case being ready for trial in late Fall of 2022 and lasting approximately three (3) to five (5) days.

9. **Addition of Parties/Amendment of Pleadings**. The parties agree that motions for leave to add parties or to amend pleadings should be filed on or before **November 1, 2021**.

10. **Dispositive Motions**. The parties agree that Motions for Summary Judgment or other dispositive motions should be filed on or before **June 1, 2022**.

11. **Class Certification**. This is not a class-action Complaint.

12. **Referral of this case to the United States Magistrate Judge**: the parties have conferred and do not consent to the case being referred to the United States Magistrate Judge for all purposes in the case, including trial, entry of a final judgment, and all post judgment proceedings, pursuant to Title 28 United States Code, Section 636(c) and Rule 73 of the Federal Rules of Civil Procedure and LR 73.1.

13. **Settlement**. The parties have discussed, in good faith, the possibility of settlement. It appears unlikely that a prompt settlement can be reached prior to the parties conducting discovery. After discovery is conducted, the parties believe there may be a reasonable chance for settlement.

Respectfully Submitted,

*/s/ Rebecca L. Burroughs*
REBECCA L. BURROUGHS
WARD, HOCKER & THORNTON, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky 40222
(502) 583-7012
(502) 583-7018 (Fax)
Rebecca.Burroughs@whtlaw.com
*Counsel for Defendants Charter Communications, LLC, Charter Communications, Inc., and Spectrum Advanced Services, LLC*

*/s/ Lindsey Goetz (with permission)*
Justin B. May
Lindsey Goetz
4917 Dixie Highway
Suite L
Louisville, KY 40216
jmay@dixielawgroup.com
lgoetz@dixielawgroup.com
(502) 290-2397 - Telephone
(502) 449-9774 – Fax
*Counsel for the Plaintiff*

**CERTIFICATE**

I hereby certify that on the 12th day of May, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System, and the foregoing document was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case by electronic mail including:

Justin B. May, Esq.
Lindsey Goetz, Esq.
4917 Dixie Highway
Suite L
Louisville, KY 40216
jmay@dixielawgroup.com
lgoetz@dixielawgroup.com
(502) 290-2397 - Telephone
(502) 449-9774 – Fax
*Counsel for the Plaintiff*

*/s/ Rebecca L. Burroughs*
GENE F. ZIPPERLE, JR.
REBECCA L. BURROUGHS
*Counsel for Defendant William Jones and Old Dominion Freight Line, Inc.*

- 5 -